RECORD NOS. 12-3083(L); 12-3085

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

In The

# United States Court of Appeals

## For The District of Columbia Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

# YAHYA ALI ZAITAR, also known as ABU RABIH, also known as YEHYA ALI DAOUD ZEITER,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

## BRIEF OF APPELLANT

_____

Edward C. Sussman
LAW OFFICE OF EDWARD SUSSMAN
601 Pennsylvania Avenue, NW, Suite 900
Washington, DC  20004
(202) 737-7110

*Counsel for Appellant*

THE LEX GROUP^DC ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C.  20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

## <u>CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES</u>

A. **<u>Parties and amici</u>**:  The parties to this appeal are appellant, Yahya Zaitar, and appellee, the United States of America.  There are no amici.

B. **<u>Rulings under review</u>**:  Appellant Yahya Zaitar appeals his conviction and  his aggregate 108 month sentence stemming from his guilty pleas to a Conspiracy to Import and to Distribute Heroin in violation of 21 U.S.C. § 963 and a Conspiracy to Import and Distribute Cocaine in violation of 21 U.S.C. § 960. The plea was pursuant to a written plea agreement.  Appellant contends that his trial counsel was ineffective in his representation because he assured the appellant that, by accepting the plea agreement, he would receive a sentence substantially below the 108 months he received.

C. **<u>Related Cases</u>**:  There are no related cases.  This matter has not previously been before this court.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

CERTIFICATE OF PARTIES, RULINGS, AND RELATED CASES....................i

TABLE OF CONTENTS........................................................... ii

TABLE OF AUTHORITIES ......................................................iv

JURISDICTION................................................................1

ISSUES PRESENTED FOR REVIEW ................................................1

STATUTES AND RULES .........................................................1

STATEMENT OF THE CASE.....................................................2

STATEMENT OF FACTS ........................................................3

SUMMARY OF ARGUMENT ................................................6

ARGUMENT ..................................................................7

     I.     THE APPELLANT, A FOREIGNER WHO SPOKE LIMITED
          ENGLISH AND HAD NO FAMILIARITY WITH THE U.S.
          JUSTICE SYSTEM, RECEIVED INEFFECTIVE
          ASSISTANCE WHEN HIS TRIAL COUNSEL INDUCED
          HIM TO PLEAD GUILTY BY PROMISING THAT HE
          WOULD RECEIVE A SENTENCE THAT WAS
          SUBSTANTIALLY LOWER THAN THE ONE HE
          ACTUALLY RECEIVED..................................................7

          A.    Standard of Review..................................................7

          B.    The Appellant received ineffective assistance of counsel
              when he was induced to plead guilty by counsel's
              assurances that he would get a specific sentence........................8

CONCLUSION ..................................................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Boykin v. Alabama*,
    395 U.S. 238 (1969)........................................................................9

*Cuyler v. Sullivan*,
    466 U.S. 355 (1980)........................................................................8

*Hill v. Lockhart*,
    474 U.S. 52 (1985)..........................................................................9

*McCann v. Richardson*,
    397 U.S. 759 (1970)........................................................................8

*Michel v. Louisiana*,
    350 U.S. 91 (1955)..........................................................................8

*Nix v. Whiteside*,
    475 U.S. 157 (1986)......................................................................11

*North Carolina v. Alford*,
    400 U.S. 25 (1970)..........................................................................9

*\*Strickland v. Washington*,
    466 U.S. 648 (1984)........................................................................8

*United States v. Adams*,
    782 F. Supp. 2d 229 (D. W. Va. 2011)........................................11

*United States v. Askew*,
    88 F.3d 1065 (D.C. Cir. 1996)......................................................7

*\*Chief Authorities are Designated by an Asterisk*

*United States v. Barker*,
    514 F.2d 208 (D.C. Cir. 1975)....................................................................10

*United States v. Dewalt*,
    92 F.3d 1209 (D.C. Cir. 1996)....................................................................7

*United States v. Farley*,
    72 F.3d 158 (D.C. Cir. 1995)......................................................................7

*United States v. Harris*,
    491 F.3d 440 (D.C. Cir. 2007)...................................................................13

*United States v. Hernandez*,
    242 F.3d 110 (2d Cir. 2001) ........................................................................7

*United States v. Horne*,
    987 F.2d 833 (D.C. Cir. 1993).....................................................................9

*United States v. Messer*,
    197 F.3d 330 (9th Cir. 1999) .....................................................................11

*\*United States v. Mohammed*,
    693 F.3d 192 (D.C. Cir. 2012)...................................................................13

*United States v. Morrison*,
    449 U.S. 361 (1981)...................................................................................11

*United States v. Poston*,
    902 F.2d 90 (D.C. Cir. 1990).....................................................................13

*\*United States v. Rashad*,
    331 F.3d 908 (D.C. Cir. 2003)............................................................ 12-13

*United States v. Taylor*,
    139 F.3d 924 (D.C. Cir. 1998).............................................................. 11-12

*United States v. Watley*,
    987 F.2d 847 (D.C. Cir. 1993).....................................................................7

*United States v. West*,
       392 F.3d 450 (D.C. Cir. 2004)........................................................................9

*United States v. Zaitar*,
       858 F. Supp. 2d 104 (D.D.C. 2012)........................................................2, 10

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VI................................................................7, 8, 10, 11, 12, 13

## STATUTES

18 U.S.C. § 3161 ..........................................................................................1, 10

18 U.S.C. § 3231 ................................................................................................1

18 U.S.C. § 3742 ..........................................................................................1, 2

21 U.S.C. § 960 ...................................................................................................1

21 U.S.C. § 963 ...................................................................................................1

28 U.S.C. § 1291 ................................................................................................1

## RULES

D.C. Cir. R. 28(a)(5) ........................................................................................1

Fed. R. App. P. 28(f)........................................................................................1

Fed. R. Crim. P. 11............................................................................................1, 9

## JURISDICTION

The District Court had jurisdiction under 18 U.S.C. § 3231.  Final judgment

was entered on October 10, 2012 and a timely notice of appeal was filed on

October 16, 2012.  (JA 94)  This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

1.  Whether the appellant has shown a fair and just reason for withdrawing

his guilty plea where the plea was not entered into voluntarily due to the promise

of appellant's trial counsel that he would receive a particular sentence.  Appellant,

foreign born, and unfamiliar with the United States justice system, received

ineffective assistance of counsel by relying on the false promise of his counsel.

2.  Whether the appellant has raised factual issues that, under the prevailing

legal standards of this circuit, require that the matter be remanded to the district

court for a hearing on the facts.

## STATUTES AND RULES

Pursuant to Rule 28(f), Federal Rules of Appellate Procedure, and Circuit

Rule 28(a)(5), the pertinent statutes and rules are:

> 18 U.S.C. § 3231
> 18 U.S.C. § 3742
> 18 U.S.C. § 3161
> 21 U.S.C. § 960
> 21 U.S.C. § 963
> 28 U.S.C. § 1291
> Fed. R. Crim. P. 11

## STATEMENT OF THE CASE

On August 18, 2008, the appellant was arraigned in Cr. No. 07-329 on an indictment charging him and his brother (Mohammed Awali) with a conspiracy to distribute cocaine in the United States.[1]  On that same date, appellant was additionally arraigned in Cr. No. 08-123, an indictment charging him alone with participating in a conspiracy to distribute heroin in the United States.

During the pendency of the case, the appellant moved for dismissal based on violation of his speedy trial rights.  That request was denied by the district court in a published opinion.  *United States v. Zaitar*, 858 F. Supp. 2d 104 (D.D.C. 2012).

On May 14, 2012, pursuant to written plea agreements (JA 50), Zaitar entered a guilty plea to Cr. No. 07-329 (conspiracy to distribute cocaine) and No. 08-123 (conspiracy to distribute heroin).  Under the terms of the agreement, the parties agreed that the final Offense Level was Level 29 and Criminal History Category I (87 to 108 months).  In the plea agreement, ¶22, the appellant waived his right to appeal his sentence under 18 U.S.C. § 3742.  (JA 58)

On October 10, 2012, the appellant was sentenced to serve a total of 108 months in prison.  Zaitar filed a timely notice of appeal.  In response, the

---

[1]Mr. Awali was not extradited to this country until August 30, 2011, more than three years later.

2

government, noting that the appellant had waived his right to appeal, moved to dismiss the appeal.  In his opposition, the appellant claimed that his guilty plea was not voluntary, but was the product of his trial counsel's explicit promise that Zaitar would receive a sentence that was substantially less than the 108 months he received.[2]  Additionally, he claimed that he had been induced to waive his speedy trial rights by the misfeasance of his previous counsel.[3]

## STATEMENT OF FACTS

As previously stated, the defendant was charged in two separate indictments. In Cr. No. 08-123, it was alleged that between May 2007 and April 2008, in Paraguay, the United States and elsewhere, that Zaitar conspired with Mohammed Ali Awali to transport more than 500 grams of cocaine from Paraguay to the United States.  (JA 65)

Additionally, in Cr. No. 07-329, it was charged that between May 2007 and April 2008, in Paraguay, Romania, Brazil and elsewhere, Zaitar conspired with Awali and Nemr Ali Zhayter (the appellant's brother) to distribute more than 100 grams of heroin in the United States.  (JA 68)

---

[2]Indeed, the appellant had made that same claim at the time of sentencing.  (JA 89)

[3]The appellant had changed counsel prior to his guilty plea.

In both cases, it was alleged in the factual proffer supporting appellant's guilty plea that Zaitar was aware that other individuals were to be recruited to smuggle the drugs into the United States using a variety of means. Narcotics were to be secreted in luggage and, in some cases, individuals would transport the drugs by swallowing capsules filled with heroin or cocaine. It was also planned to transport drugs through commercial airlines and cargo ships.

During the course of the cocaine conspiracy, the appellant participated in the sale of one kilogram or cocaine to an informant and an undercover law enforcement agent. (JA 67) In October 2007, Zaitar traveled to Santiago, Chile to meet the aforementioned individuals and discussed selling them 50 to 100 kilograms of cocaine. It was alleged that this cocaine would be moved from Bolivia to Paraguay and delivered to the undercover agent for shipment to the United States.

With respect to the heroin conspiracy, it was charged that in May 2007, Zaitar began discussing importation of heroin into the United States with a confidential informant. Zaitar maintained that he had the ability to furnish at least 50 kilograms of heroin for importation into the U.S. In October, 2007, it was alleged that the appellant traveled to Santiago, Chile and met with an undercover agent to discuss the sale of 40 kilograms of heroin. During that conversation, Zaitar said that his brother had access to heroin from Afghanistan.

4

During the meeting, the appellant agreed to provide a three kilogram sample of heroin for $40,000.  (JA 70)  The heroin would be sent to New York for evaluation.  If the sample proved satisfactory, then 40 kilograms would follow.  It was not until April 2008, some six months later, that Zaitar met the agents in Bucharest, Romania.  At that meeting, he agreed to sell them 50 kilograms of heroin for delivery to New York.  The agreed upon price was 25,000 Euros per kilogram.  Half of the purchase price would be paid "up front," with the balance to paid upon delivery.  The appellant also agreed to send 10 additional kilograms of heroin to be sold on his own behalf at New York market price.

While in Bucharest, between April 8, 2008 and April 14, 2008, the appellant was alleged to have made numerous phone calls to narcotics associates in Lebanon and South America.  (JA 71)  These calls were recorded pursuant to a wiretap conducted by Romanian law enforcement authorities.  During the course of these calls, the appellant tried to arrange the delivery of a three kilogram heroin sample to Romania.  Zaitar was reported to have said that he needed white heroin since the drugs were destined for the United States.

Zaitar was arrested in Romania on April 14, 2008.  This arrest occurred before any sample heroin was delivered or any other quantity of heroin was transported.  The appellant remained in custody until he was extradited to the United States.  He appeared in the U.S. District Court for the District of Columbia

5

on August 18, 2008 and was arraigned on all charges.  On May 14, 2012, after almost 40 months had passed, the appellant entered a guilty plea to the charges cited above. On October 10, 2012, the appellant was sentenced to serve an aggregate of 108 months in prison.  A timely notice of appeal was followed.

The government, noting that Zaitar had, in his plea agreement, waived his right to appeal, moved to dismiss the matter.  The appellant, in response, indicated that it was his intention to argue that he had received ineffective assistance from his trial counsel who had promised him a sentence that was substantially lower than the one he received.  It was reliance on counsel's promise that directly led to appellant's waiver of his right to trial and the entry of a guilty plea.

The court of appeals directed the parties to incorporate their respective arguments in their briefs and a briefing schedule was set.

## SUMMARY OF ARGUMENT

In his argument, the appellant claims that he was induced to enter his guilty plea, and to forego an appellate claim that his speedy trial rights had been violated, by the express promise of his attorney that he would receive a sentence that was below his calculated guidelines.  Had it not been for this assurance, the appellant represents he never would have entered a plea agreement.  While the claim was first raised at the time of sentencing, no further inquiry concerning it was held.

Under the prevailing law of this circuit, the matter should therefore be remanded for a full hearing on the question.

## ARGUMENT

I.  **THE APPELLANT, A FOREIGNER WHO SPOKE LIMITED ENGLISH AND HAD NO FAMILIARITY WITH THE U.S. JUSTICE SYSTEM, RECEIVED INEFFECTIVE ASSISTANCE WHEN HIS TRIAL COUNSEL INDUCED HIM TO PLEAD GUILTY BY PROMISING THAT HE WOULD RECEIVE A SENTENCE THAT WAS SUBSTANTIALLY LOWER THAN THE ONE HE ACTUALLY RECEIVED.**

   **A.    Standard of Review.**

In ruling on a post-sentence motion to withdraw a guilty plea, this court, in *United States v. Farley*, 72 F.3d 158, 162 (D.C. Cir. 1995), held that after sentencing a plea may be set aside when a defendant "meet[s] a more stringent standard that the obviously more lenient, fair and just standard."  The appellant must show that the withdrawal of his plea is necessary to correct a manifest injustice.  See *United States v. Watley*, 987 F.2d 847 (D.C. Cir. 1993); *United States v. Dewalt*, 92 F.3d 1209 (D.C. Cir. 1996).

"The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is viewed *de novo*."  See *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001); *United States v. Askew*, 88 F.3d 1065, 1070-71 (D.C. Cir. 1996).

**B.      The Appellant received ineffective assistance of counsel when he was induced to plead guilty by counsel's assurances that he would get a specific sentence.**

In *Strickland v. Washington*, 466 U.S. 648, 104 S.Ct. 2052 (1984), the U.S.

Supreme Court held that:

> The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney . . .who plays the role necessary to assure that the proceedings are fair.

It is axiomatic that the right to counsel is the right to effective counsel. A

defendant is deprived of his right to counsel when adequate legal assistance is not

rendered.  See *Cuyler v. Sullivan*, 466 U.S. 355 (1980).  In situations where a

defendant has entered a guilty plea, that choice cannot be based on inadequate or

inaccurate legal advice.  See *McCann v. Richardson*, 397 U.S. 759 (1970).

Counsel's advice and performance must fall within the standard of prevailing

professional norms.  *Michel v. Louisiana*, 350 U.S. 91 (1955).

Of course, a defendant who asserts ineffective assistance of counsel must

also demonstrate that he was prejudiced by the deficient advice or performance.  A

defendant must show that there is a reasonable probability that "but for counsel's

unprofessional errors, the result of the proceeding would have been different.  A

Reasonable probability is a probability sufficient to undermine confidence in the

[case's] outcome."  *Strickland v. Washington*, *supra*. at 694.

8

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25 (1970); *Boykin v. Alabama*, 395 U.S. 238 (1969).

When, as here, a criminal defendant seeks to withdraw his guilty plea, his claim is typically evaluated by use of a three pronged test.

(1)    whether the defendant has asserted a "legally cognizable defense,"

(2)    whether the delay between the guilty plea and the motion to withdraw has "substantially prejudiced the Government's ability to prosecute the case," and

(3)    "whether the guilty plea was somehow tainted" by some constitutional or procedural defect.

The third consideration–whether the plea was somehow tainted–is the most important. *United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004) (citing *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993)). "It should go without saying that the standard [for withdrawal of a plea] is very lenient when the plea was entered unconstitutionally or contrary to Rule 11 procedures. Such pleas should almost always be permitted to be withdrawn, . . . regardless of whether the

9

movant has asserted his legal innocence." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975) (*en banc*).

In the instant case, it is significant to note that at the sentencing proceeding, the appellant immediately protested that his trial counsel had promised him a that the maximum sentence he could receive was 87 months and that he would get less than that.[4]  (JA 89)  Not only is the appellant contending that he was induced to part with a constitutional right to trial by his counsel's promise of a particular sentence, but–as a result–waived his claim that his speedy trial rights had been violated.

As stated above, the appellant was arraigned on August 18, 2008.  Absent a valid reason for a tolling of speedy trial, his trial on the heroin charge should have commenced by October 27, 2008.  Zaitar contended that the delay, until February 24, 2011, for arrival of a co-defendant in this country, was unreasonable and violative of his speedy trial rights.  This latter claim was the subject of a pre-trial motion that was denied by the district court, see *United States v. Zaitar*, *supra*. The court concluded that Zaitar had voluntarily, and repeatedly, waived his right to speedy trial under 18 U.S.C. § 3161 and the Sixth Amendment.  Had the

---

[4]In a post-sentencing letter to the appellant, trial counsel indicated that he had expressed the hope that the sentence would be below the guidelines, but never had promised such.  Clearly, such a distinction might have been lost on a non-English speaking defendant.

appellant not been induced to plead guilty, the issue of informed waiver would have remained viable if an appeal was required.[5]  Clearly, no defendant can be made to wait forever for the arrival in court of a co-defendant.  See, for example, *United States v. Messer*, 197 F.3d 330 (9th Cir. 1999); *United States v. Adams*, 782 F. Supp. 2d 229 (D. W. Va. 2011).  Had the appellant not relied on the promises of his counsel regarding the sentencing outcome, he would never have waived the right to press the speedy trial issue on appeal.

Particularly in a case where a defendant is a foreign national who is not fluent in English and has no knowledge of the U.S. criminal justice system, it is understandable that he relied almost completely on the advice of his counsel.  For that reason, counsel's advice is critical to the fairness of the criminal process.  See *Nix v. Whiteside*, 475 U.S. 157, 175 (1986).  The right to [effective] counsel is "meant to assure fairness in the adversary criminal process."  *United States v. Morrison*, 449 U.S. 361, 364 (1981).

While a satisfactory Rule 11 colloquy poses a "formidable barrier" to plea withdrawal, that barrier is not invariably insurmountable.  *United States v. Taylor*,

---

[5]At the district court, Zaitar maintained that it was a violation of both the Federal Speedy Trial Act and the Sixth Amendment to require toll speedy trial for almost thirty months to await the arrival of an indicted co-defendant.  The district court also concluded that the defendant and his brother were co-defendants–for speedy trial purposes–even though they were not named in the same indictment.  Given the opportunity, the appellant would seek to argue that any waiver was an additional product of defective legal representation.

139 F.3d 924 (D.C. Cir. 1998). Were it to be so considered, then nothing that happened outside of the plea hearing could be used to show that a particular guilty plea was patently unfair and violated a traditional sense of justice.

The appellant understands that the record, at this point, is devoid of evidence that his allegations are meritorious. Consequently, he recognizes that he cannot realistically ask this court to order that his guilty plea be withdrawn. Clearly, he has–at sentencing–raised an issue concerning the sentencing promises of his counsel. His counsel, in a letter sent to the appellant following sentencing, has conceded that he had optimistically expressed the view that Zaitar would receive a 78 month sentence. However, counsel indicated this was only his hope and adamantly denied making any promise. Such a distinction could well be lost on Lebanese national who did not speak English and required the services of an arabic interpreter. Thus, even if counsel did not–as the appellant alleges–promise a particular sentence, there may well have been a confusion that would negate voluntariness.

This is a situation that this court has confronted on many previous occasions. Where there has not been any previous hearing on the issue, and the record does not conclusively demonstrate whether or not the appellant has received his Sixth Amendment right to proper representation, that the matter should be remanded to the district court for a factual hearing. See *United States v.*

*Rashad*, 331 F.3d 908 (D.C. Cir. 2003); *United States v. Mohammed*, 693 F.3d 192 (D.C. Cir. 2012).

While remand is not automatic, it should be ordered when the factual allegations, if true, "establish a violation of [appellant's] Sixth Amendment right to counsel. *United States v. Poston*, 902 F.2d 90 (D.C. Cir. 1990), *United States v. Harris*, 491 F.3d 440 (D.C. Cir. 2007). Here, the appellant is alleging that his counsel promised a particular result, and that promise inducted him to plead guilty. This allegation, if established, would certainly establish a Sixth Amendment violation. Remand is therefore required.

WHEREFORE, for the foregoing reasons, the appellant respectfully requests that he be granted the relief that he seeks.

## CONCLUSION

For the foregoing reasons, the appellant requests that the matter be remanded to the district court for a hearing on the appellant's motion to withdraw his guilty plea.

Respectfully submitted,

/s/ Edward C. Sussman
Edward C. Sussman No. 174623
Counsel for Appellant Zaitar
Suite 900 South Building
601 Pennsylvania Avenue NW
Washington, DC 20004
(202) 737-7110
*Counsel for Appellant*

13

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,020*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>June 21, 2013          </u>               /s/ Edward C. Sussman
                                                      *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 21st day of June, 2013, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> Kirby A. Heller
> U.S. DEPARTMENT OF JUSTICE
> 950 Pennsylvania Avenue, NW, Room 1264
> Washington, DC  20530
> (202) 307-0085

> *Counsel for Appellee*

I further certify that on this 21st day of June, 2013, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court and a copy of the Joint Appendix to be served, via U.S. Mail, postage

pre-paid, to the Counsel for Appellee at the above listed address.

/s/ Edward C. Sussman
*Counsel for Appellant*
